UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FILED**

NOV 12 2010

DAVID CREWS, CLERK
By_____ Deputy

CLEMMIE HINES AND GLORIA HINES,                    *
INDIVIDUALLY AND ON BEHALF OF THEIR                *
DECEASED DAUGHTER, MONA HINES, THE                 *
ESTATE OF MONA HINES AND THEIR MINOR               *   CIVIL ACTION NO.
GRAND-DAUGHTERS, R.H. AND I.H.;                    *
STACY HINES AND LAVITICUS FLOYD,                   *   *1:10CV283*
INDIVIDUALLY AND ON BEHALF OF                      *
THEIR DECEASED MINOR DAUGHTER,                     *   JUDGE:
L.F. AND THE ESTATE OF L.F.; CHACARLA SWATT        *   *NBB*
AND HENRY HOUSTON, INDIVIDUALLY AND ON             *
BEHALF OF THEIR MINOR DAUGHTER, D.S.;              *
RICKY HINES, SR. AND NAKITIA DORSEY,               *   MAGISTRATE:
INDIVIDUALLY AND ON BEHALF OF THEIR                *   *JAD*
DECEASED MINOR SON, R.H. AND THE ESTATE            *
OF R.H. AND ON BEHALF OF THEIR MINOR SON,          *
R.H.; SHARON HINES AND WARDELL JOHNSON,            *
INDIVIDUALLY AND ON  BEHALF OF THEIR               *
DECEASED MINOR DAUGHTER, A.H. AND THE              *
ESTATE OF A.H.; EDWARD BARNES, SR. AND             *
LATANYA BARNES, INDIVIDUALLY AND ON                *
BEHALF OF THEIR DECEASED MINOR SON, E.B.           *
AND THE ESTATE OF E.B.; BRANDON HINES AND          *
JOANNA PAYNE, INDIVIDUALLY AND ON                  *
BEHALF OF THEIR MINOR SON, B.H.; BROCKTON          *
RODRIGUEZ AND KIOCA HINES, INDIVIDUALLY            *
AND ON BEHALF OF THEIR MINOR DAUGHTER,             *
A.H. AND ON BEHALF OF THEIR DECEASED               *
MINOR DAUGHTER, A.H. AND THE ESTATE OF             *
A.H.; DONNA JONES, INDIVIDUALLY AND ON             *
ON BEHALF OF HER MINOR SONS, D.J. AND D.J.         *
                                                   *
VERSUS                                             *
                                                   *
COOPER TIRE & RUBBER COMPANY                       *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

### I.

Complainants:

1. Clemmie Hines and Gloria Hines, individually and on behalf of their deceased daughter, Mona Hines, the Estate of Mona Hines and on behalf of their minor granddaughters, R.H. and I.H., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

2. Stacy Hines and Laviticus Floyd, individually and on behalf of their deceased minor daughter, L.F. and the Estate of L.F., both persons of the full age of majority and residents of the Parish of Orleans, State of Louisiana;

3. Chacarla Swatt and Henry Houston, individually and on behalf of their minor daughter D.S., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

4. Ricky Hines, Sr. and Nakitia Dorsey, individually and on behalf of their deceased minor son, R.H., the Estate of R.H. and on behalf of their minor son, R.H., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

5. Sharon Hines and Wardell Johnson, individually and on behalf of their deceased minor daughter, A.H. and the Estate of A.H., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

6. Edward Barnes, Sr. and LaTanya Barnes, individually and on behalf of their deceased minor son, E.B. and the Estate of E.B., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

7. Brandon Hines and Joanna Payne, individually and on behalf of their minor son, B.H., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

8. Brockton Rodriquez and Kioca Hines, individually and on behalf of their deceased minor daughter, A.H., the Estate of A.H. and on behalf of their minor daughter, A.H., both persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana;

9. Donna Jones, individually and on behalf of her minor sons, D.J. and D.J., a person of the full age of majority and a resident of the Parish of Jefferson, State of Louisiana.

(Collectively referred to as "Complainants")

### II.

Made Defendant herein is Cooper Tire & Rubber Company (hereinafter simply

referred to as "Cooper"), an Ohio corporation who, at any and all material and pertinent

times mentioned herein, maintained a manufacturing facility in Tupelo, Mississippi,

which did in fact manufacture the tire in question.

## III.

On or about November 28, 2009, Complainants were traveling on Interstate 10 in

a westerly direction in the Parish of Ascension, State of Louisiana, in a 2000 GMC

Safari, owned by Gloria Hines and operated by Mona Hines, when suddenly and without

warning, the tread from the left front tire of said vehicle separated, causing said vehicle

to collide with another vehicle, whereupon it entered the median and rolled several times.

As the Complainants vehicle rolled, thirteen passengers were completely ejected, which

ultimately resulted in the deaths of five children and one adult.

## IV.

Complainants aver that upon further investigation, it was determined that the

Cooper tire in question, whose tread separated, caused the accident in question.

## V.

As a result of the accident in question, Complainants, E.B., R.H., L.F., A.H., A.H.

and Mona Hines were killed.

## VI.

As a result of the accident in question, Complainants, Stacy Hines, D.S., R.H.,

B.H., A.H., D.J. and D.J., suffered the following, non-exclusive damages, to-wit:

    a.      Past, present, future severe and disabling injuries and severe mental

            anguish;

    b.      Past, present and future medical expenses;

    c.      Past, present, future lost wages;

d.      Loss of enjoyment of life;

e.      Loss of society;

f.      Mental anguish caused by the viewing of deceased or severely injured

relatives immediately after the accident or soon thereafter; and

g.      Any and all other damages to be proven at the trial of this matter.

## VII.

As a result of the accident in question, Complainants, Clemmie Hines and Gloria

Hines suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their daughter, Mona Hines; and

b.      Any and all other damages proven at the trial of this matter.

## VIII.

As a result of the accident in question, Complainants, Stacy Hines and Laviticus

Floyd suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their daughter, L.F.; and

b.      Any and all other damages proven at the trial of this matter.

## IX.

As a result of the accident in question, Complainants, LaTanya Barnes and

Edward Barnes, Sr. suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their son, E.B.; and

b.      Any and all other damages proven at the trial of this matter.

X.

As a result of the accident in question, Complainants, Ricky Hines, Sr. and Nakitia Dorsey suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their son, R.H.; and

b.      Any and all other damages proven at the trial of this matter.

XI.

As a result of the accident in question, Complainants, Sharon Hines and Wardell Johnson suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their daughter, A.H.; and

b.      Any and all other damages proven at the trial of this matter.

XII.

As a result of the accident in question, Complainants, Kioca Hines and Brockton Rodriguez suffered the following, non-exclusive damages, to-wit:

a.      Loss of love and affection of their daughter, A.H.; and

b.      Any and all other damages proven at the trial of this matter.

XIII.

In addition to the foregoing, complainants seek any and all other damages as allowed by applicable law, including all damages for wrongful death and/or estate damages, including but not necessarily limited to all such damages on behalf of all wrongful death beneficiaries and heirs-at law, as well as any and all pre-morbid damages or survival damages allowed by law, as well as the cost of any pre-morbid medical expenses, and the cost of burial for each decedent.

XIV.

Complainants aver that Defendant, Cooper, violated the Mississippi products liability act, 11-1-63, in the following non-exclusive respects to-wit:

At the time the product left the control of the manufacturer seller:

1. The product was defective because it deviated in a material way from the manufacturers specifications or from otherwise identical units manufactured to the same manufacturing specifications; or

2. The product was defective because it failed to contain adequate warnings or instructions that the manufacturer or seller knew or in light of reasonable available knowledge should have known about the danger that caused the damage for which recover is sought and that the ordinary consumer or user would not realize it's dangerous condition; or

3. The product was designed in a defective manner; or

4. The product breached an expressed warranty or failed to conform to other express factual representations upon which the complainant justifiable relied in electing to the product; and

    a. The defective condition rendered the product unreasonable dangerous to the user or consumer; and

    b. The defective and unreasonably dangerous of the product proximately caused the damages for which recovery is sought.

3. Any and all other violations of the Mississippi Product Liability Act, or any other applicable law, and any and all other violations and negligence and acts of omission, which may be discovered and proven at the trial of this matter.

XV.

Complainants aver that they are entitled to punitive damages against Defendant, Cooper, on the basis that Cooper acted with actual malice and/or gross negligence which evidenced a willful, wanton and/or reckless disregard for the safety of others, for any and all claims of gross negligence, actual malice and violations asserted herein or that will be discovered and proven at the trial of this matter, and further including but not necessarily limited to the defendant's deliberately failing to manufacture said tire with a nylon cap ply, belt wedge or other components despite its knowledge that these components are essential to assuring that a tread separation does not occur.

XVI.

Complainants aver that jurisdiction is established based upon diversity of citizenship and the fact that the amount in controversy for each of the respective claims pled hereinabove exceeds $75,000, exclusive of interests and costs.   Complainants further aver that venue is established within this Court based upon the fact that the defective tire in question was manufactured at the defendant's plant which is located within the geographic boundaries of this Court's Division.

XVII.

Complainants request a trial by jury as to all issues and claims herein.

XVIII.

Complainants aver amicable demand to no avail.

**WHEREFORE**, Complainants pray, that there be trial by jury and after due proceedings had, there be judgment herein in favor of Complainants, Clemmie Hines and Gloria Hines, individually and on behalf of their deceased daughter, Mona Hines, the

Estate of Mona Hines and their minor granddaughters, R.H. and I.H.; Stacy Hines and Laviticus Floyd, individually and on behalf of their deceased minor daughter, L.F. and the Estate of L.F.; Chacarla Swatt and Henry Houston, individually and on behalf of their minor daughter D.S.; Ricky Hines, Sr. and Nakitia Dorsey, individually and on behalf of their deceased minor son, R.H., the Estate of R.H. and on behalf of their minor son, R.H.; Sharon Hines and Wardell Johnson, individually and on behalf of their deceased minor daughter, A.H. and the Estate of A.H.; Edward Barnes, Sr. and LaTanya Barnes, individually and on behalf of their deceased minor son, E.B. and the Estate of E.B.; Brandon Hines and Joanna Payne, individually and on behalf of their minor son, B.H.; Brockton Rodriquez and Kioca Hines, individually and on behalf of their deceased minor daughter, A.H., the Estate of A.H. and on behalf of their minor daughter, A.H.; and Donna Jones, individually and on behalf of her minor sons, D.J. and D.J. and against Cooper Tire & Rubber Company, jointly, severally and *in solido* in an amount and for a sum adequate to compensate Complainants for all such damages allowed by law, whether compensatory, punitive or otherwise, for all costs of this proceeding, for legal interest thereon from date of judicial demand, until paid, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED,** this 10th day of November, 2010.

**SILBERT, GARON & PITRE**

DAVID P. PITRE (MS Bar #99388)
3506 Washington Avenue, Suite G
Gulfport, Mississippi 39507
Telephone: (228) 822-2404
Fax: (228) 822-9942
Email: david@sgpms.com
Attorney for Plaintiffs